CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 24, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES LEE CECIL, JR., </br>     Plaintiff, </br></br> v. </br></br> SGT. D.W. HAMRICK, *et al.*, </br>     Defendants. | ) </br> ) </br> ) Civil Action No. 7:23-cv-00507 </br> ) </br> ) </br> ) By: Elizabeth K. Dillon </br> )     Chief United States District Judge </br> ) </br> ) |

**MEMORANDUM OPINION AND ORDER**

*Pro se* plaintiff James Lee Cecil, Jr. filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has sued Virginia State Police Sgt. D.W. Hamrick, Virginia State Police Trooper J.A. Turner, and Assistant Commonwealth Attorney Caroline Bones for claims arising out of a traffic stop that resulted in a criminal prosecution against Cecil in Montgomery County Circuit Court. Cecil has filed a motion for a preliminary injunction to enjoin those proceedings. (Dkt. No. 60.)

Plaintiff's amended complaint alleges violations of his Fourth and Fifth Amendment rights. (Dkt. No. 5.) During a traffic stop and resulting search of plaintiff's car, officers found weapons, including a machete and a "dirk" knife, in addition to drugs and drug paraphernalia. (Am. Compl., Ex. 1.) Plaintiff alleges that Turner and Hamrick violated his Fourth Amendment rights when they conducted the traffic stop and seized the machete from his car. (*Id.* ¶¶ 64–73.) Cecil also alleges that his Fifth Amendment rights against self-incrimination were violated by Hamrick when he used the statement "I don't want to incriminate myself" against plaintiff to build reasonable suspicion and by Assistant Commonwealth Attorney Bones when she entered the statement into evidence. (*Id.*) Online records show that Cecil pled guilty to charges of obstruction/resist without force, felon in possession of a weapon, and drug possession, and was

sentenced on March 19, 2025.  *See* Montgomery County Circuit Court Case Nos. CR23001165-00, CR23001076-00, CR23001534-00.

To the extent that the proceedings in Montgomery County are ongoing, plaintiff's request for an injunction is barred by *Younger v. Harris*, 401 U.S. 37 (1971), which applies if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.  *Johnson v. Salmon*, Civil Action NO. 7:22-cv-00081, 2022 WL 446033, at *2 (W.D. Va. Feb. 14, 2022) (citing *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)).  First, the state criminal proceedings were brought in 2023, well before any substantial progress in this federal proceeding.  Second, the Commonwealth of Virginia has "a very important, substantial, and vital interest in preventing violations of its criminal laws."  *Nivens v. Gilchrist*, 159 F.3d 151, 154 (4th Cir. 2003).  Third, the criminal proceedings in Montgomery County, followed by any necessary appeals, provide an adequate opportunity for plaintiff to vindicate his constitutional rights.  "Ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."  *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996).

Plaintiff argues that *Younger* should not apply because he has not been given an adequate opportunity to raise his constitutional challenges in state court.  (Dkt. No. 60 at 14.)  However, plaintiff concedes that he was allowed to raise arguments and to examine Turner at a suppression hearing, but the judge ruled against him.  (*Id.* at 15–16.)  Cecil may disagree with the state court's rulings, but this court is not allowed to review those rulings pursuant to *Younger*.  Moreover, plaintiff can pursue any claims he may have on appeal in state court and possibly to the United States Supreme Court.

Finally, to the extent that the criminal proceedings against Cecil have now concluded, and assuming that Cecil does not intend to pursue an appeal after pleading guilty, Cecil's request for injunctive relief may be moot.

Accordingly, it is HEREBY ORDERED that plaintiff's motion for a preliminary injunction (Dkt. No. 60) is DENIED. The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: March 24, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge