CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
March 25, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES LEE CECIL, JR.,<br>　　Plaintiff, | )<br>)<br>)　　Civil Action No. 7:23-cv-00507<br>) |
| v. | )<br>) |
| SGT. D.W. HAMRICK, *et al.*,<br>　　Defendants. | )　　By: Elizabeth K. Dillon<br>)　　　　Chief United States District Judge<br>) |

**MEMORANDUM OPINION AND ORDER**

James Lee Cecil, Jr., acting *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Cecil has sued two law enforcement officers and a Commonwealth Attorney for claims arising out of a traffic stop. These three defendants moved to dismiss the complaint. (Dkt. Nos. 21, 23, 27.)[1] Also before the court is plaintiff's motion for leave to file an amended complaint (Dkt. No. 32) and motion for partial summary judgment (Dkt. No. 37). Finally, plaintiff has filed a motion to add evidence to the record in support of his motion for summary judgment. (Dkt. No. 53.) The court will grant Cecil's motion to file an amended complaint and dismiss the remaining motions without prejudice.

As an initial matter, the court notes that Sgt. D.W. Hamrick and Trooper J.A. Turner have argued that the court should abstain from adjudicating this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), to avoid interfering with criminal proceedings against Cecil in Montgomery County. The court has noted in a separate order that those proceedings have now concluded. (Dkt. No. 67.) Accordingly, the court does not consider *Younger* to be a bar to this court's jurisdiction.

---

[1] Defendant Bones, the Assistant Commonwealth Attorney, includes a motion for partial final judgment pursuant to Rule 54(b) with her motion to dismiss on the grounds that she is entitled to prosecutorial immunity. (Dkt. No. 27.) Given the court's ruling herein, upon filing and review of the second amended complaint and if appropriate, she is welcome to renew her motion and incorporate her prior brief by reference.

Rule 15(a)(1) provides an automatic right to amend a pleading once as a matter of course within 21 days after serving it or, if the pleading requires a responsive pleading, the pleading may be amended as of right once within "21 days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Defendants oppose plaintiff's motion, arguing that because Cecil has already filed one amended complaint (Dkt. No. 5), plaintiff cannot file another amendment as a matter of course. However, the first amended complaint was filed before any of the defendants were served or had appeared in this action. Courts have held that the window for amendment as a matter of course does not open "until the responsive pleading or motion is served." *Sosa v. Prince William-Manassas Reg'l Adult Detention Ctr.*, Case No. 1:24-cv-00499 (RDA/WBP), 2024 WL 2261942, at *3 (E.D. Va. May 17, 2024). Moreover, plaintiff's previous motions for leave to amend his complaint did not "extinguish" his right to amend as a matter of course pursuant to Rule 15(a)(1). *Id.* at *3. "The rationale for allowing a plaintiff to amend a complaint as a matter of course one time after a complaint has been served and a motion to dismiss has been filed is sound, in that it allows a plaintiff an opportunity to cure any defects identified by the defendant without further burdening the courts and the other parties with the time and expense of litigating issues that may be able to be resolved through amendment." *Id.* at *4 (collecting cases). The court will grant plaintiff's motion as it was filed within 21 days after service of the motions to dismiss. Thus, the pending motions to dismiss will be dismissed without prejudice as moot.

Also before the court are plaintiff's motion for partial summary judgment and motion to add evidence in support of summary judgment. The court agrees with the defendants that this motion is premature as there has been no discovery. *See* Fed. R. Civ. P. 56(d); *see also Farabee v. Gardella*, --- F.4th ----, 2025 WL 759603, at *5 (4th Cir. Mar. 11, 2025) (noting the general

2

rule that "summary judgment motions should only be granted 'after adequate time for discovery'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  It is also premature given the court's order granting Cecil leave to file an amended complaint.

For these reasons, it is HEREBY ORDERED as follows:

1. Cecil's motion for leave to file an amended complaint (Dkt. No. 32) is GRANTED.  The Clerk is directed to file the amended complaint (Dkt. No. 32-1) and exhibits (Dkt. No. 32-2) as a separate docket entry labeled "Second Amended Complaint";

2. Defendants' motions to dismiss (pursuant to Rules 12(b)(1) and 12(b)(6)) (Dkt. Nos. 21, 23, 27) and defendant Bones motion for partial final judgment (Dkt. No. 27) are DISMISSED without prejudice as moot;

3. Cecil's motion for summary judgment (Dkt. No. 37) is DISMISSED without prejudice; and

4. Cecil's motion to add to the record (Dkt. No. 53) is DISMISSED without prejudice.

The Clerk is directed to transmit a copy of this order to Cecil and to all counsel of record.

Entered: March 25, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge