CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JAMES LEE CECIL, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00507 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SGT. D.W. HAMRICK, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

James Lee Cecil, Jr., acting *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Cecil has sued two law enforcement officers, D.W. Hamrick and J.A. Turner, in addition to Commonwealth Attorney Caroline Bones, for claims arising out of a traffic stop, arrest, and subsequent prosecution. Cecil was granted leave to file a second amended complaint (Dkt. No. 69), and all three defendants have filed separate motions to dismiss (Dkt. Nos. 70, 73, 75). Cecil filed motions to stay pending a ruling on the appeal of his conviction in state court. (Dkt. Nos. 78, 79.) In the alternative, Cecil requests that this matter be dismissed without prejudice. (Dkt. No. 79.) Defendants oppose Cecil's motions to stay or to dismiss without prejudice, primarily because they instead seek a ruling on their respective motions to dismiss. (Dkt. Nos. 80, 82.) Cecil filed a reply brief in support of his request for a stay. (Dkt. No. 81.)

I. BACKGROUND

The traffic stop giving rise to Cecil's claims occurred on March 27, 2023, when he was pulled over for speeding. (2nd Am. Compl. ¶¶ 25, 34, Dkt. No. 69.) He alleges that Hamrick impermissibly extended the stop, violating Cecil's Fourth Amendment rights, when he made Cecil wait while Hamrick spoke to Trooper Turner and called for a narcotics K-9 to come to the scene. (*Id.* ¶¶ 36, 40, 49–50, 53, 55, 96.) Cecil also accuses Hamrick of violating his Fifth

Amendment right against self-incrimination because Hamrick used Cecil's statement, "I'm not going to say something that could possibly incriminate myself," both to support reasonable suspicion and by using it against him in a criminal proceeding.  (*Id.* ¶¶ 39, 43–44, 54, 62–64, 76–77, 100.)   He also claims that Hamrick illegally seized a machete from his vehicle.  (*Id.* ¶¶ 70–74.)  Lastly, he asserts that Hamrick (and Bones) "unlawfully destroyed, disposed of, and tampered with inculpatory and exculpatory evidence," specifically dash-cam video of the stop from Cecil's car.  (*Id.* ¶ 99.)

Cecil was arrested for possession of "2 meth pipes and a concealed weapon."  (*Id.* ¶¶ 74–75.)  His complaint seeks compensatory and punitive damages and a declaratory judgment stating that each defendant violated his constitutional rights.  It also seeks "preliminary injunctive relief" in the form of a TRO "restraining engagement between Trooper Hamrick, Trooper Turner and himself."  (*Id.* at 29.)

Cecil entered a conditional no-contest plea in the Circuit Court of Montgomery County to charges for carrying a concealed weapon by a felon, obstruction of justice, and possession of a controlled substance.  (Dkt. No. 74-1, Ex. A.)  At the time the parties in this case were filing their motions and responses, Cecil's direct appeal was pending in the Court of Appeals of Virginia.  (Record No. 0546-25-3.)  However, that court affirmed Cecil's criminal judgment on March 3, 2026.  The court's unpublished decision specifically rejects the same arguments that underlie Cecil's claims here, including that the stop was impermissibly extended and that the seized evidence should have been suppressed.  *See Cecil v. Virginia*, No. 0546-25-3, 2026 WL 584878, at *2–3 (Va. Ct. App. Mar. 3, 2026).  Indeed, the panel unanimously agreed that argument was unnecessary because "the appeal is wholly without merit."  *Id.* at *1.  No petition

for appeal has yet been filed with the Supreme Court of Virginia, but the deadline for doing so has not yet passed.  Va. Code Ann. § 8.01-671.

## II.  DISCUSSION

The court construes Cecil's request for a stay as an effort to obtain a "favorable-termination" of his conviction and avoid the bar in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] *Heck* provides that to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, . . . ."  512 U.S. at 485.  This is known as the "favorable-termination requirement," and suits dismissed for failing to meet it are "*Heck*-barred."  *Brunson v. Stein*, 116 F.4th 301, 305 (4th Cir. 2024).

Cecil specifically requested a stay only pending a decision of the Court of Appeals of Virginia, which makes sense because his appeal was pending before that court at the time. Because that court has now issued its decision, his motion for stay, strictly read, could be moot. Nonetheless, construing Cecil's motion liberally, the court treats it as one requesting a stay pending the conclusion of his state criminal proceedings, to include at least his direct criminal appeals.  At this point, it is unknown whether Cecil intends to file a petition for appeal with the

---

[1] Because Cecil is the party requesting to either stay or dismiss this suit, the court does not decide whether *Heck* would bar all of his claims.  *Cf. Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 197 (4th Cir. 2015) (noting that *Heck* did not bar a claim of unreasonable or illegal search where the conviction derived from a guilty plea and he never sought to suppress the evidence underlying his conviction); *Olivier v. City of Brandon*, 607 U.S. __, 2026 WL 783725, at *4 & n.3 (2026) (clarifying that *Heck* does not bar a § 1983 plaintiff from seeking "wholly prospective relief," including a declaratory judgment and injunctive relief, although it reserved the question of whether a person may bring such a suit while he is in custody for the violation).

Supreme Court of Virginia.  And, as noted, the time for doing so has not yet expired.  Thus, his motion to stay is not moot.

The court recognizes its general authority to stay *Heck*-barred claims pending the conclusion of criminal proceedings.  *See Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) (discussing the power of the district court to stay a civil suit pending conclusions of state criminal proceedings and describing it as a "common practice"); *Nelson v. Rockingham Cnty.*, No. 1:23CV488, 2024 WL 691413, at *5 (M.D.N.C. Feb. 20, 2024), *report and recommendation adopted,* No. 1:23-CV-488, 2024 WL 1014189 (M.D.N.C. Mar. 8, 2024) (staying case before it and collecting authority regarding a federal court's discretion to grant a stay, rather than dismiss, until a favorable termination has either been obtained or is no longer available).

Another district court within the Fourth Circuit described the appropriate inquiry as follows:

> "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Factors the court considers when weighing whether a stay is appropriate include "the length of the requested stay, the hardship that the movant would face if the motion were denied, the burden a stay would impose on the nonmovant, and whether the stay would promote judicial economy by avoiding duplicative litigation." *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501–02 (D. Md. 2013) (quoting *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 WL 3819608, at *1 (D. Md. Aug. 25, 2011)).

*Claridy v. United States*, No. CV SAG-24-01098, 2025 WL 2695695, at *5 (D. Md. Sept. 22, 2025).  In *Claridy*, the court evaluated those factors and ultimately concluded that none of those factors supported a stay.  *Id.*; *see also McCall v. McAlhaney*, No. 2:15-cv-01011-TLW-MGB, 2017 WL 3981153, at *6 (D.S.C. July 24, 2017) (denying a stay and explaining that if the plaintiff's "conviction is reversed on direct appeal by the state appellate court, he may then

4

return here and bring his related civil claims.  But I am not required to stay his claims that might otherwise be barred by *Heck* while the appeal of his conviction is pending").

Applying those same factors here, however, leads to the opposite result.  First, any stay is likely to be fairly short.  Indeed, Cecil may elect not to file a petition for appeal with the Supreme Court of Virginia, in which case the case might only be stayed for about a week, a very short time.  And even if he files a petition for appeal, it is unlikely his petition will take a protracted amount of time for Virginia's highest court to decide, particularly in light of the Court of Appeals of Virginia's pronouncement that Cecil's appeal was "wholly without merit."  *Cecil*, 2026 WL 584878, at *1.

In terms of the prejudice to defendants, defendant Bones argues that Cecil has not met his burden to show a stay outweighs the harm to defendants.  She further complains that she has already been required to file two motions to dismiss in this long-pending case, which was filed in August 2023.  (Dkt. No. 82.)  Defendants Hamrick and Turner oppose a stay because they request a ruling on their pending motions to dismiss and a dismissal *with* prejudice.  (Dkt. Nos. 80.)

Importantly, though, the denial of Cecil's request for stay is unlikely to result in a ruling on defendants' motions to dismiss.  This is because the court's denial of the stay would trigger Cecil's alternative request for dismissal, which would arguably become immediately effective and *require* a dismissal without prejudice, at least as to Hamrick and Turner.[2]  The court briefly discusses its reasons for that conclusion.

---

[2] Defendant Bones argues that this would be a second dismissal as to her, because Cecil already filed once a self-executing notice of dismissal under Rule 41(a)(1)(A), although the United States Magistrate Judge later purported to allow Cecil to withdraw that notice.  *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.").  Considering its decision to stay, the court need not reach that argument at this time.

5

Even though this case has been pending for several years, none of the defendants have filed an answer or moved for summary judgment.[3]  Only motions to dismiss are pending.  Thus, Cecil has the unilateral right to dismiss this action without a court order.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  And the Fourth Circuit has held that a request for dismissal falling within the parameters of Rule 41(a)(1)(A)(i) is automatic and does not require a court order in the first instance.  *Satterfield v. Vaughn*, No. 24-6298, 2024 WL 3633581, at *1 (4th Cir. Aug. 2, 2024) (unpublished); *Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993) (concluding district court abused its discretion in vacating a dismissal under a prior version of the same rule, emphasizing that the notice of dismissal was "self-executing" the moment the notice was filed with the clerk and no judicial approval was required).  Indeed, even in a case where the plaintiff filed the dismissal as a motion and failed to cite Rule 41(a)(1)(A)(i), the filing was effective immediately, such that the district court erred in dismissing the action instead *with prejudice.  Connelly v. Daystar Builders, Inc.*, No. 24-2148, 2025 WL 3205917, at *4 (4th Cir. Nov. 17, 2025).[4]

Based on this authority, a denial of the stay would result in dismissal without prejudice, at least as to Hamrick and Turner, and they would still face the claims again and still would not have a ruling on their motions to dismiss.  Thus, there is little harm to defendants from the court staying the case and denying Cecil's alternate request for dismissal as moot.

By contrast, there is potential harm to Cecil in denying a stay.  Most significantly, there is the possibility that at least some of his claims may be barred by the applicable statute of

---

[3]  Cecil filed a motion for partial summary judgment, but a plaintiff's summary judgment motion is irrelevant under Rule 41.

[4]  None of the cases cited in this paragraph involved a situation where the dismissal was requested as "alternative" relief, as is the case here.  Nonetheless, in the court's view, a denial of the stay would put Cecil's alternative dismissal request squarely before the court and trigger the self-executing provision.

limitations if the court were to dismiss the case and require him to refile after exhausting his direct criminal appeals.  To be sure, it appears that his primary *Heck*-barred claims have not yet accrued.  In particular, to the extent his claims are properly construed as a malicious prosecution claim and a related Fourth Amendment claim arguing that the evidence underlying his state charges and convictions was seized improperly, those claims do not accrue until after a favorable termination of the criminal charges.  *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (summarizing that a malicious prosecution claim or a fabricated evidence claim accrues, and the statute of limitations begins to run, only when the criminal proceeding has ended in defendant's favor or a conviction has been invalidated).  But depending on the characterization of his claims, it is at least possible that some might already have accrued.  *Cf. Wallace v. Kato*, 549 U.S. 384, 397 (2007) (holding that the statute of limitations for a false arrest claim, where the arrest is followed by criminal proceedings, begins to run when the individual becomes detained pursuant to legal process); *Smith v. Travelpiece*, 31 F.4th 878 (4th Cir. 2022) (explaining that certain Fourth Amendment claims accrue at the time of the violation).  For those claims, there is at least a possibility that a dismissal (as opposed to a stay) could result in those claims being barred by the applicable statute of limitations.

Additionally, Cecil paid has already paid the full filing fee in this matter.  (*See* Dkt. No. 1 and unnumbered docket entry dated August 11, 2023.)  If the court were to dismiss the case, rather than stay it, Cecil would have to pay the filing fee again to bring his claims again.  Given those factors, the court finds that the potential harm to Cecil in not granting the stay clearly outweighs any potential harm to defendants in granting it, especially since it should not be of long duration.  Judicial economy is served, as well, in that the already-filed motions will not

need to be re-briefed if the case is reopened and making it unnecessary to consider the merits of any claims that remain *Heck*-barred after conclusion of his criminal appeals.

For the foregoing reasons, the court concludes that a stay is warranted. The court will grant the motions for stay and deny as moot Cecil's alternative request for dismissal.

### III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby ORDERED that Cecil's motions to stay (Dkt. Nos. 78, 79) are GRANTED. Having granted the motion to stay, his alternative request for dismissal without prejudice (Dkt. No. 79) is not triggered at all, and it is DENIED AS MOOT.

This case is hereby STAYED pending the completion of Cecil's challenges to his state convictions. The Clerk is DIRECTED to administratively CLOSE the case and STRIKE it from the active docket of the court, pending further order of the court lifting the stay. Cecil may file a motion to lift the stay and return the case to the court's active docket once his challenges to his state convictions are completed. Any defendant may also, at any time, file a motion requesting to lift the stay.

Entered: March 30, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge

8